GREEN, J.
delivered the opinion of the court.
This is an action to recover the value of a horse. The defendant in error traded the horse in January, 1842, with one Stephen Campbell, who was in possession of, and claimed title to this property. The horse was levied on as the property of Archibald Campbell, by virtue of an execution in favor of Wm. W. Brown against him for $52 39^-, tested of the October-term, 1S41, of the Obion Circuit Court, and issued the 11th of November, 1841. The horse was sold the 11th February, 1842. Evidence was introduced, conducing to prove that the horse belonged to. Archibald Campbell, and that he had given or sold *63 him to his son Stephen Campbell, to defraud his creditors, and that at the time Lowe traded with Stephen Campbell for the horse, he was liable to be seized by virtue of Brown’s execution as the property of Archibald Campbell.
The court charged the jury, “that if the creditor neglected to have the property seized while in the possession of Stephen Campbell, he could hot reach it in the hands of a third person,’ if that person was an innocent purchaser, and had no participation in the fraud, if any existed.” We think the court stated the law correctly on this point. It- is not contended that the property is liable in the hands of an innocent vendee, by virtue of the statute-of frauds, although it may have been purchased from a fraudulent vendee; but it is insisted that the horse, by reason of the fraud between the father and son, is to be regarded as the property of Archibald Campbell, and as the execution' was a lien on his goods from its teste, that lien operated on this horse as though Stephen Campbell had no claim to him, arid consequently overreached any right the plaintiff could acquire from Stephen Campbell. This proposition cannot be maintained. The contract between a fraudulent vendor and vendee, is good as to themselves, and vests the title to the property in the vendee. The statute of frauds makes the sale void as to creditors, but there is no lien -upon goods, the title to which is in other persons than the execution debtor, although that title may be divested in favor of creditors by force of the statute of frauds; consequently if the fraudulent vendee sell to a bona fide purchaser, as he takes the property discharged of the operation of the statute of frauds, no lien can attach to -it upon the assumption that it. was by the statute of frauds the property of the original fraudulent vendee.' But the judgment must be reversed, because the evidence in the bill of exceptions, does not show that Williams, though plaintiff in error, has any connection with the horse: his name is not mentioned or alluded to in the proof, and it is stated that the bill of exceptions contained all the evidence. Let the judgment be reversed.